## AMOSKEAG MANUFACTURING COMPANY *v.* BARNES.

An agreement by an executor, guaranteeing the payment of a demand against the estate and admitting the possession of sufficient assets, does not constitute a debt created by the executor "while acting in any fiduciary character," within the meaning of sec. 33 of the bankrupt act.

ASSUMPSIT by Amoskeag Manufacturing Company against George A. Barnes, surviving executor of Josiah M. Barnes. This is the same case reported in 48 N. H. 25. Since that decision, the defendant has pleaded discharge in bankruptcy, and the replication is, that the debt was of a fiduciary character, and the question now reserved, is whether the debt was of a fiduciary character, within the meaning of the bankrupt law. The defendant had no fraudulent intent, and there was no bad faith on his part, unless bad faith is implied by law. The other facts appear in the former report.

*Geo. Y. Sawyer & Sawyer, Jr.*, for plaintiff.

By the provisions of §33 of the Bankrupt Act of 1867, it is declared that no debt contracted by the bankrupt    *    *    * while acting in a fiduciary character, shall be discharged under the act.

In the agreement of July 8, 1864, as well as in the preceding one of Nov. 8, 1858, the defendant was acting in such "fiduciary character" as executor of Josiah M. Barnes. He agreed with the plaintiff, creditor, of the estate, that he held sufficient assets to pay its debt, and that, if it should become barred as a debt to be recovered at law against the estate by their refraining to enforce it, he would,

in substance, hold the assets as trustee for the plaintiff, for the satisfaction of the debt.

For the purposes of this case, he is estopped by his writing to deny that he has in his hands assets of the estate to pay the debt, however it might be in a suit against him as executor.

If it is to be considered, that he has such assets then the fiduciary relation exists, contemplated by the bankrupt act, although in a suit at law against him as executor the claim might be barred.

*Cross*, for defendant.

SMITH, J.   It has already been decided in this case, "that all the promises and guaranties of the executors would be of no avail to bind the estate, but would only bind those who made such promises individually to the plaintiff;" the executor having no power to take a claim against the estate out from the operation of the statute, limiting the time for bringing suits against executors for causes of action against the deceased.   *Company* v. *Barnes*, 48 N. H. 25.

It seems now conceded, that the plaintiff is, barred by this statute from recovering a judgment binding on the estate, and that its only claim, is against the defendant personally upon his promise and guaranty.   This promise does not constitute a debt created by the defendant, " while acting in any fiduciary character."   In making the agreement he was acting outside of his character as executor, and he was not " acting in a fiduciary character" as respects this plaintiff. Even if the executor has in his hands assets of the estate placed there for the purpose of paying this debt, those assets are not the property of the plaintiff; nor can the executor legally appropriate them to pay a claim which, notwithstanding the admitted existence of ample assets, is barred by the special statute of limitations.   The executor would hold such assets in trust for the estate, and not for the plaintiff.   The fiduciary relation would exist between the executor and the estate, not between the executor and these creditors of the estate.   It was beyond the defendant's power to bind the assets by any agreement to hold them in trust for the plaintiff; and, if he undertook to make such an agreement, his undertaking would not create a fiduciary relation between the plaintiff and himself, but would be merely an ineffectual attempt to create such a relation.

*Case discharged.*